UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SOLOMON J. VERDIN, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-2735** |
| **TIMOTHY SOIGNET, ET AL.** | **SECTION: "R"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Solomon J. Verdin, Jr., a state pretrial detainee, filed this *pro se* federal civil rights action against Sheriff Timothy Soignet, Warden Rhonda Ledet, and Medical Supervisor April Tomlin.[1] He subsequently amended his complaint to add Deputy Jamie, Detective Kennedy, and an unidentified female deputy as defendants.[2] In this lawsuit, plaintiff alleges that (1) female deputies do not announce their presence before encountering nude male inmates and (2) he has been denied medical accommodations, such as shower and toilet rails and a foot brace, necessary to protect him from falls due to his injured left foot. Summonses have issued for the identified defendants, but they have not yet been served by the United States Marshal.

In connection with this lawsuit, plaintiff has filed a "Motion for a Temporary Restraining Order,"[3] which is the sole matter addressed in this limited Report and Recommendation. In that motion, he alleges that defendants Ledet and Kennedy have now retaliated against him by exposing him to potential harm from other inmates. Although plaintiff's allegations are somewhat unclear, he appears to be alleging that he reported to jail officials that inmate Rodney Reed engaged in "inappropriate conversations with 2 Female Deputies." He appears to further allege that the officials made Reed aware that plaintiff was the source of the report, and, as a result, he has now

---

[1] Rec. Doc. 3.
[2] Rec. Doc. 9.
[3] Rec. Doc. 11.

1

been labeled as a "snitch." He also alleges that after jail officials "reassigned the entire-dormitory # bunks," they made his fellow inmates aware that the reassignments resulted from his complaint that he needed a bottom bunk for medical reasons. He alleges that both revelations were motivated by a desire to retaliate against him, and he further alleges that they have placed him in danger of being harmed by inmates angered by his actions. He has not specified in his motion the precise restraints he is requesting be placed on the defendants.

Despite his request for a temporary restraining order, plaintiff's motion is properly construed as one for a preliminary injunction because the relief he seeks, whatever it is, would extend beyond the time limit of a temporary restraining order. See Neal v. Federal Bureau of Prisons, 76 F. App'x 543, 545 (5th Cir. 2003).[4] Moreover, a fatal flaw in plaintiff's motion is that he has failed to establish how it, if granted, would achieve true purpose of pretrial injunctive relief: "The purpose of a preliminary injunction is **merely to preserve the relative positions of the parties** until a trial on the merits can be held." University of Texas v. Camenisch, 451 U.S. 390, 395 (1981) (emphasis added); accord Feds for Medical Freedom v. Biden, 63 F.4th 366, 389 (5th Cir. 2023) ("The preliminary injunction's purpose is to maintain the status quo until the parties have the chance to adjudicate the merits."). As the United States Eighth Circuit Court of Appeals explained:

> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the

---

[4] Under the law of this Circuit, a plaintiff must make a clear showing that he satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that he will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Insurance Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). A preliminary injunction is therefore an "extraordinary remedy" which should be granted only if the movant has clearly carried the burden of persuasion on all four of those prerequisites. Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.

> lawsuit's merits. See Dataphase Sys., Inc., v. C L Sys., Inc., 640 F.2d 109, 113 & n. 5 (8th Cir. 1981) (en banc). Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. See Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). It is self-evident that [plaintiff]'s motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of [plaintiff]'s 42 U.S.C. § 1983 lawsuit. To the contrary, [plaintiff]'s motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit. See Stewart v. United States I.N.S., 762 F.2d 193, 198-99 (2d Cir. 1985).

Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). See also Power v. Starks, No. 4:16-CV-00045, 2017 WL 2062940, at *1 (N.D. Miss. May 12, 2017) ("Because a preliminary injunction depends on the prisoner's likelihood of success on the merits, a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit. Accordingly, courts have routinely declined to grant a prisoner injunctive relief related to conduct unrelated to the underlying claims of his lawsuit." (citations, quotation marks, and brackets omitted)); Lando & Anastasi, LLP v. Innovention Toys, L.L.C., Civ. Action No. 15-154, 2015 WL 12564201, at *2 (E.D. La. Oct. 15, 2015) ("[W]hile a preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally, a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." (quotation marks and brackets omitted)); Schwartz v. United States Department of Justice, Civ. Action No. 06-5581, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) ("A preliminary injunction grants intermediate relief of the same character as that which may be granted finally. When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." (citations and quotation marks omitted)).

3

Here, plaintiff is seemingly requesting some unspecified immediate court intervention with respect to his allegations that the defendants are now retaliating against him and placing him in danger of violence from his fellow inmates.  However, he does not explain how his instant request is in any way aimed at preserving the status quo with respect to the claims in this lawsuit, which concern other matters, namely bodily privacy and medical accommodations.  As a result, he has not established that the immediate relief he seeks is appropriate and necessary.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's motion for immediate injunctive relief, Rec. Doc. 11, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this ___5th___ day of September, 2023.

**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**