UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOLOMON J. VERDIN, JR.                                    CIVIL ACTION

VERSUS                                                            NO. 23-2735

TIMOTHY SOIGNET, ET AL.                          SECTION "R" (1)

## ORDER

Plaintiff Solomon Verdin, Jr., a state pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this federal civil rights action under 42 U.S.C. § 1983.[1] Verdin names as defendants Sheriff Timothy Soignet, Warden Rhonda Ledet, April Tomlin, Deputy Jamie, Detective Kennedy, Colonel Steven Bergeron, Captain Christopher Cobb, Lieutenant Jordan Darcey, and Deputy J.C. Arceneaux.[2]

Tomlin filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Verdin's factual allegations are insufficient to state a claim against her in her official and individual capacities.[3] Alternatively, Tomlin invokes the doctrine of qualified immunity

---

[1]    R. Doc. 3.
[2]    *Id.*; R. Doc. 9; R. Doc. 18.
[3]    R. Doc. 30.

with respect to any individual-capacity claims against her.[4]  Verdin opposes the motion.[5]

On January 16, 2024, Magistrate Judge Janis van Meerveld issued a Report and Recommendation ("R&R"), recommending that the Court grant Tomlin's motion and that Verdin's claims against her be dismissed with prejudice.[6]  First, Magistrate Judge van Meerveld determined that Verdin failed to state an official-capacity claim against Tomlin because Verdin did not allege that Tomlin was a policymaker, and because Verdin did not allege or identify a policy or custom that caused the deprivation of his constitutional rights.[7]  Second, Magistrate Judge van Meerveld concluded that Verdin failed to sufficiently plead individual-capacity claims against Tomlin because he did not include adequate factual allegations that Tomlin acted with deliberate indifference, and because he failed to overcome Tomlin's assertion of qualified immunity.[8]

Additionally, Magistrate Judge van Meerveld recommended that Verdin's claims against Deputy Jamie be dismissed without prejudice.[9]

---

[4]    *Id.*
[5]    R. Doc. 42.
[6]    R. Doc. 48.
[7]    *Id.* at 4-5.
[8]    *Id.* at 5-11.
[9]    *Id.* at 11-13.

Verdin added Deputy Jamie as a defendant in his first amended complaint,[10] and the Clerk of Court issued a summons directed to Deputy Jamie at the Terrebonne Parish Criminal Justice Complex.[11]  An officer of the United States Marshal's Service attempted to serve that summons, but the summons was returned unexecuted after the officer was unable to locate Deputy Jamie.[12]  On October 3, 2023, Magistrate Judge van Meerveld ordered Verdin to provide the Court with (1) Deputy Jamie's full name and (2) the address at which Deputy Jamie can be served.[13]  Magistrate Judge van Meerveld warned Verdin that should he fail to comply with the order and fail to show good cause for such failure, his claims against Deputy Jamie may be dismissed under Federal Rule of Civil Procedure 4(m).[14]  Verdin did not respond to the order.   Accordingly, Magistrate Judge van Meerveld recommended dismissal without prejudice of Verdin's claims against Deputy Jamie under Rule 4(m).[15]

Finally, as to the remaining defendants, Magistrate Judge van Meerveld recommended[16] that the Court grant a motion to dismiss with

---

[10]  R. Doc. 9.
[11]  R. Doc. 10.
[12]  R. Doc. 22.
[13]  R. Doc. 25.
[14]  *Id.*
[15]  R. Doc. 48 at 11-13.
[16]  *Id.* at 13.

prejudice filed jointly by Verdin and defendants Sheriff Soignet, Warden Ledet, Colonel Bergeron, Captain Cobb, Lieutenant Darcey, Deputy Arceneaux, and Detective Kennedy.[17]

Before the deadline to file objections to the R&R, Verdin filed in the record a notice of change of address, indicating that he had been transferred to the Elayn Hunt Correction Center in St. Gabriel, Louisiana.[18]  To afford Verdin an opportunity to respond to the R&R, the Court ordered that a copy of the R&R be mailed to Verdin at his new address, and extended the deadline for Verdin to file written objections to the R&R to February 28, 2024.[19]

Plaintiff did not object to the R&R.  Therefore, the Court reviews the R&R for clear error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  The Court finds no clear error.  Accordingly, the Court adopts the Magistrate Judge's R&R as its opinion.

---

[17]   R. Doc. 44.
[18]   R. Doc. 51.
[19]   R. Doc. 53.

IT IS ORDERED that defendant April Tomlin's motion to dismiss is GRANTED, and the claims against her are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's claims against defendant "Deputy Jamie" are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the joint motion to dismiss defendants Sheriff Timothy Soignet, Warden Rhonda Ledet, Colonel Steven Bergeron, Captain Christopher Cobb, Lieutenant Jordan Darcey, Deputy J.C. Arceneaux, and Detective Kennedy, is GRANTED, and all claims against those defendants are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __6th__ day of March, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE